|  |  |
|---|---|
| NATIONAL HEALTHCARE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:25-cv-00327 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Luke A. Evans |

## MEMORANDUM ORDER

Pending before the Court is Defendant's motion to compel AJ Gallagher's response to a third-party subpoena for documents and to compel John Gluth's attendance for a deposition. (Doc. No. 52.) Plaintiff filed a response in opposition (Doc. No. 53) as did AJ Gallagher. (Doc. No. 54.) For the reasons that follow, Defendant's motion is DENIED.

## I.    Background

This case arises from Plaintiff's insurance claim to Defendant related to damage that occurred on June 15, 2023 at Plaintiff's Franklin, Tennessee building. (Doc. No. 20.) Plaintiff asserts that the damage was the result of a storm and thus triggered coverage under its insurance policy. (*Id.*) Defendant disagrees and claims that damage was not caused by a storm but instead by construction defects that are not covered by the policy. (*Id.*) The Court entered a joint amended case management order on March 24, 2026, that required all fact discovery to be completed by May 29, 2026. (Doc. No. 45 at 2.) The order required the parties to engage in an in-person meeting prior to raising a discovery dispute with the Court. (*Id.*) The discovery motion deadline was June 5, 2026. (*Id.*)

On April 14, 2026, Defendant issued a subpoena for documents to Arthur J. Gallagher Risk Management Services, LLC ("Gallagher"). (Doc. No. 52-1.) Gallagher was served on April 15, 2026. (*Id.* at 10.) On April 29, 2026, Defendant's counsel spoke with Gallagher's counsel. (Doc. No. 52 at 2.) Counsel agreed that Gallagher's counsel could have an extension of time to respond to the subpoena. (*Id.*)  On May 12, 2026, Defendant's counsel followed up regarding the status of the document production and asked whether they could agree to a deposition of John Gluth or whether a subpoena would be needed. (Doc. No. 52-3). Counsel responded that she was working on the document production and that she would be "happy to coordinate the scheduling of Mr. Gluth's deposition." (Doc. No. 52-4 at 3.) Gallagher's counsel never provided the documents requested in the Gallagher subpoena but continued to state her intent to do so as late as June 10, 2026. (Doc. No. 52 at 3.). The parties scheduled Gluth's deposition on June 16, 2026; however, Defendant canceled it because Gallagher failed to respond to the subpoena. (*Id.*)

On June 15, 2026, Defendant filed the instant motion. The motion seeks an order compelling Gallagher to respond to the subpoena and compelling Gluth to appear for a deposition. Plaintiff takes the position that the motion should be denied because "it was filed in flagrant disregard of this Court's Local Rules and Orders." (Doc. No. 53 at 1.) Plaintiff further asserts that if the Court were to grant the motion, it would be prejudiced because the trial would need to be continued. (*Id.*) Gallagher, like Plaintiff, argues that the motion should be denied because Defendant failed to follow this Court's Local Rules and the case management order. (Doc. No. 54 at 1.) Gallagher additionally argues that the motion should be denied because it "unfairly imposes litigation burdens." (*Id.* at 2.) Despite the stated opposition, Gallagher states that all documents requested in the subpoena were produced on June 30, 2026, and that Gluth's deposition can be scheduled by agreement. (*Id.*)

2

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that parties may generally "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Discovery may be obtained from non-parties, including through the use of a subpoena to produce documents under Rule 45. Specifically, Rule 45(a) provides that a clerk of court or an attorney authorized to practice in that court may issue and sign a subpoena that is directed to a person who is not a party to a lawsuit and that commands the person to produce documents, electronically stored information, or tangible things in the person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(iii).

Rule 45(b)(1) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Rule 45(d)(2)(B) provides that "[a] person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to . . . copying . . . any or all of the materials" and that such objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "If an objection is made," the party serving the subpoena may, "[a]t any time, on notice to the commanded person, . . . move the court for the district where compliance is required for an order compelling production . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i). "[T]he order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Rule 37(a)(1) also provides that "a party may move for an order compelling . . . discovery," including an order compelling discovery from a nonparty. Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to [compel

3

discovery from] a nonparty must be made in the court where the discovery is or will be taken."); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) (holding that "the Federal Rules provide that a motion to compel discovery or disclosure by a nonparty must be made to the court in the district where the discovery is being taken"). Finally, Rule 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

### III. Analysis

The Court will first address Defendant's request for an order compelling Gluth's deposition. Gluth is a non-party who has not been subpoenaed pursuant to Rule 45; therefore, the Court cannot compel his deposition. *See* 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed. and 2026 Supp.) ("Federal Rule 45 has a close relation to the proper functioning of the discovery rules. Most notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information.") (citations omitted). That fact notwithstanding, Gallagher's response makes clear that there is no opposition to taking Gluth's deposition. To the extent that the parties agree to take Gluth's deposition, as they should, the Court need not intervene.

According to the papers, the documents from Gallagher were provided in full on June 30, 2026, well after the motion to compel was filed. The issue that remains is whether Defendant is entitled to its attorney's fees and expenses incurred by filing the instant motion. Gallagher and Plaintiff's basis for opposition to the motion rest largely on the fact that Defendant did not follow the discovery dispute procedures as set forth in the Local Rules or the amended case management

order.[1] They further argue that the motion should be denied because it was filed after the June 5, 2026 deadline to file discovery-related motions. Plaintiff also asserts that it will be prejudiced if the relief sought is granted because it will result in resetting all the deadlines and losing the current trial date.

Late production of the subpoenaed documents will not require the extension of all case management deadlines or the trial date. Defendant has been in possession of the documents since June 30, 2026. The Court sees no reason why any deadlines or the trial date would be affected. The more concerning issue is that Gallagher did not produce the documents in the first place and then sought protection from the Court after running out the clock. In turn, Defendant should have availed itself of the discovery dispute procedures as set forth in the case management order instead of continuing to wait for the production of documents and filing a motion beyond the deadline. This situation could have been avoided had the parties simply met and conferred in person prior to the expiration of the deadlines. The Court does not find that an award of fees and expenses is appropriate in this instance because neither Gallagher and Defendant followed the Court's Local Rules and orders. The parties are cautioned that similar conduct in the future could result in sanctions.

---

[1] As a non-party, Gallagher also argues entitlement to additional protection from "litigation burdens" related to the subpoena. (Doc. No. 54 at 2.) However, Gallagher failed to object as required under Fed. R. Civ. P. 45(c)(2)(B); therefore, the objection is waived. *Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 11–12394, 2011 WL 6739400, at *2 (E.D. Mich. Dec. 22, 2011) ("A nonparty's failure to timely object to the subpoena generally waives any objections.") (citation omitted).

## IV. Conclusion

For the reasons discussed above, Defendant's motion to compel (Doc. No. 52) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge